IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:16-cv-00154-FDW

| | |
|---|---|
| CHARLES EDWIN JORDAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| BUNCOMBE COUNTY JAIL; ) | |
| FNU CZARNECKI, Officer/ ) | |
| Jailer at Buncombe County Jail; ) | |
| MEDICAL STAFF (B.C.D.F.), ) | |
| Nurse at Buncombe County Det. Facility, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before the Court on consideration of Plaintiff's pro se complaint which he filed pursuant to 42 U.S.C. §§ 1983 and 1985, and his motions for a transfer to a new detention facility.

I.  BACKGROUND

At the time he filed his complaint, Plaintiff was a pretrial detainee residing in the Buncombe County Jail awaiting the disposition of the State charge of having attained the status of a habitual felon and he was later convicted, sentenced, and transferred to State prison.[1]

Before his conviction, Plaintiff alleges he was badly injured after sustaining a shock when a light switch he touch sparked in his cell on April 29, 2016. Defendant Czarnecki was apparently close by and responded after Plaintiff knocked on his cell door as the light switch was still "sparking and sizzling" which caused Plaintiff to fall and smash his arm on the sink in his cell. Plaintiff objected when Czarnecki assessed the situation and began emitting unsolicited laughter

---

[1] This information was obtained from the website maintained by the North Carolina Department of Public Safety, Adult Corrections Division.

1

at Plaintiff's expense. Despite Czarnecki's apparent mirth, he nevertheless tried to disable the switch to no avail. Czarnecki then left Plaintiff in his cell while the switch was still actively sparking. About ten minutes later another officer making his rounds noticed the light and he summoned a maintenance worker who was able to disable the light and install a new one.

Plaintiff also complains that Officer Czarencki locked him up for a day for the unauthorized use of a phone with another inmate. Plaintiff contends that this was not just punishment; but rather simple retaliation for filing a written grievance regarding Czarnecki's conduct during the April 29th incident.

Plaintiff further relates that he was afraid to ask Czarnecki for medical attention for fear of retaliation and it was only until Carnecki's shift ended that Plaintiff felt emboldened enough to approach an officer he trusted and request help. Plaintiff was later examined by an unnamed nurse at the detention facility and she expressed that Plaintiff may have suffered nerve damage after being burned. A doctor in a follow-up examination reached the same conclusion. Plaintiff contends he did not receive proper medical treatment and that he may have suffered a permanent handicap because of the injury and he seeks compensation for future lost wages; for Czarencki to be disciplined for his conduct; and for further medical treatment and transfer from the Buncombe County Jail.

II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915(A)(a), "The court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." Following this initial review the "court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted." Id. § 1915A(b)(1). In conducting this review, the Court must determine whether the complaint raises an indisputably

meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

Finally, in considering whether the complaint may survive initial review, the Court finds that consideration of Plaintiff's written grievances and the responses thereto by prison officials are proper for examination in determining whether Plaintiff's complaint is subject to dismissal. See Philips v. Pitt County Mem. Hosp, 572 F.3d 176, 180 (4th Cir. 2009) (citing Blankenship v. Manchin, 471 F.3d 523, 526 n.1 (4th Cir. 2006)).

### III. DISCUSSION

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48, (1988) (internal citations omitted). [2]The Eighth Amendment prohibits the infliction of "cruel and unusual punishments", U.S. CONST. amend. VIII, and protects prisoners from the "unnecessary and wanton infliction of pain[.]" Whitley v. Albers, 475 U.S. 312, 319 (1986).

Claims regarding conditions of confinement brought by pretrial detainees in state custody are examined under the due process clause of the Fourteenth Amendment. See Bell v. Wolfish, 441 U.S. 520, 535 (1979). "The due process rights of a pretrial detainee are at least as great as the eighth amendment protections available to the convicted prisoner . . ." Martin v. Gentile, 849 F.2d 863, 870 (4th Cir. 1988) (citing City of Revere v. Massachusetts Gen. Hosp., 463 U.S. 239, 244 (1983)). "[W]hen the States takes a person into custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well-being." DeShaney v. Winnebago Cnty. Dep't of Soc. Servs., 489 U.S. 189, 199-200

---
[2] Any claims against Buncombe County Jail are subject to dismissal as the jail is not a "person" within the meaning of § 1983.

3

(1989) (internal citation omitted). In Kingsley v. Hendrickson, the Supreme Court held that with regard to a pretrial detainees' claim of a due process violation, the detainee need only show that the officers' actions were "objectively unreasonable." 135 S. Ct. 2466, 2472-73 (2015).

Plaintiff's claims against Officer Czarnecki are without merit first because there are no allegations that Czarnecki had any prior knowledge about the condition of the light switch in his cell. Second, a claim that Czarnecki chuckled or laughed at Plaintiff's accident does not state a federal claim for relief. In other words, there is no constitutional right to be free from the occasional laughter even in the face of a distressing situation. See 42 U.S.C. § 1997(e) ("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act . . ."). Here, Plaintiff does not contend that Czarnecki's failure to summon help caused him further physical injury.

Finally, Plaintiff's contention that he suffered retaliation by Czarnecki in the form of one day of confinement to his cell because Plaintiff filed a written grievance regarding his conduct is conclusory. Moreover, Plaintiff admits that he was charged with a violation of detention rules for using the phone while with another inmate, and he does not assert that the alleged punishment was ever overturned or called into question. Put another way, to the extent a finding in Plaintiff's favor in this action would invalidate the outcome of his underlying disciplinary hearing, his claims appear to be subject to dismissal as barred by Heck v. Humphrey, 512 U.S. 477 (1994), and Edwards v. Balisok, 520 U.S. 641 (1997).

In Heck, the Supreme Court held that a plaintiff may not bring an action pursuant to § 1983 for an "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," without first having that conviction or sentence reversed, overturned, expunged, or otherwise called into question. In

4

Edwards, the Supreme Court specifically extended Heck to the context of inmate disciplinary convictions, holding that Heck precludes a § 1983 claim in a prison disciplinary hearing which has not been previously invalidated, where the challenge would necessarily imply the invalidity of the deprivation of good-time credits. Plaintiff does not contend that his disciplinary verdict has been set aside or otherwise called into question thus this claim should be dismissed.

Plaintiff's complaint regarding inadequate medical care will likewise be dismissed. Claims under 42 U.S.C. § 1983 based on an alleged lack of or inappropriate medical treatment fall within the Eighth Amendment's prohibition against cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To state a claim under the Eighth Amendment, a plaintiff must show a "deliberate indifference to serious medical needs" of the inmate. Id. "Deliberate indifference requires a showing that the defendants actually knew of and disregarded a substantial risk of serious injury to the detainee or that they actually knew of and ignored a detainee's serious need for medical care." Young v. City of Mt. Ranier, 238 F.3d 567, 575-76 (4th Cir. 2001) (citations omitted). "To establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990).

Allegations that might be sufficient to support negligence and medical malpractice claims do not, without more, rise to the level of a cognizable § 1983 claim. Estelle, 429 U.S. at 106; Grayson v. Peed, 195 F.3d 692, 695 (4th Cir. 1999) ("Deliberate indifference is a very high standard—a showing of mere negligence will not meet it."). To be found liable under the Eighth Amendment, a prison official must know of and consciously or intentionally disregard "an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994); Johnson v. Quinones, 145 F.3d 164, 167 (4th Cir. 1998). "[E]ven if a prison doctor is mistaken or negligent

5

in his diagnosis or treatment, no constitutional issue is raised absent evidence of abuse, intentional mistreatment, or denial of medical attention." Stokes v. Hurdle, 393 F. Supp. 757, 762 (D. Md. 1975), aff'd, 535 F.2d 1250 (4th Cir. 1976). The constitutional right is to medical care. No right exists to the type or scope of care desired by the individual prisoner. Id. at 763. Therefore, a disagreement "between an inmate and a physician over the inmate's proper medical care [does] not state a § 1983 claim unless exceptional circumstances are alleged." Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985) (dismissing the plaintiff's § 1983 claim against a defendant physician for allegedly discharging the plaintiff too early from a medical clinic, as such claim did not rise to the level of deliberate indifference but would, "at most, constitute a claim of medical malpractice").

The Court first notes that Plaintiff has not identified by name the medical personnel that allegedly failed to provide adequate medical care, but in the event that he had the claim would nevertheless fail on the merits because it is clear that he was examined on multiple occasions thus any claim would only sound in negligence.

Lastly, Plaintiff's claim for treatment and transfer outside of Buncombe County Jail are dismissed as moot because Plaintiff is now in the custody of the Division of Adult Corrections. See Taylor v. Rogers, 781 F.2d 1047, 1048 n.1 (4th Cir. 1986).

Based on the foregoing, the Court finds that Plaintiff's complaint should be dismissed. 28 U.S.C. § 1915A(b)(1).

IV. CONCUSION

**IT IS, THEREFORE, ORDERED** that Plaintiff's complaint is **DISMISSED**. (Doc. No. 1).

**IT IS FURTHER ORDERED** that Plaintiff's motions for transfer to another detention facility are **DISMISSED AS MOOT**. (Doc. Nos. 9, 13).

The Clerk is respectfully directed to close this civil case.

**SO ORDERED.**

Signed: December 28, 2016

Frank D. Whitney
Chief United States District Judge